No.——

First Circuit

HUBERT v. ROBICHAUX

(June 30, 1928. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana    Digest—Automobiles — Par. 4 (b).**

Where the driver of an automobile is negligent in not stopping and ascertaining if he can cross an important and well-traveled highway before attempting to cross it, his negligence contributed to the accident and bars his recovery of damages.

Appeal from the Parish of East Baton Rouge. Hon. W. Carruth Jones, Judge.

Action by Burley Hubert against A. P. Robichaux.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Jno. Fred. Odom and Charles A. Battle, of Baton Rouge, attorneys for plaintiff, appellant.

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for defendant appellee.

LECHE, J.  Burley Hubert was driving his automobile south, on Annie Street in Delphine Place, a suburb of Baton Rouge, and when he reached the Jefferson Highway which runs east and west and where Annie Street ends, he kept on across the Jefferson Highway, where his automobile collided with that of defendant. He pres-

ently sues defendant for nine hundred twenty-five and 80-100 dollars damages to his automobile and injury to himself. The defense is substantially that the collision was due entirely to plaintiff's own negligence and carelessness. The District Judge refused plaintiff's demand and he has appealed.

Defendant's automobile, a heavy Studebaker sedan, was being driven by his son. Defendant and his son occupied the front seat and two ladies occupied the rear seat. The whole party was on its way back from New Orleans. The speed at which defendant's automobile was running when nearing Baton Rouge is entirely a matter of guess work. Defendant says they were traveling at 30 miles; his son says 20 or 25 miles; Pizillo, a witness for plaintiff whose testimony is hardly deserving of credit for the reason that in other essential particulars it is contradicted by all the other witnesses, says 50 or 55 miles; another witness says about thirty-five miles. Mr. Coniff, a gentleman of unimpeachable veracity could not give an accurate estimate, but he says that defendant's automobile was running at an excessive speed. The opinion of this last witness who is disinterested, may be accepted as truthful and it can safely be relied upon for the purpose of determining the issue in this case.

The accident happened just outside the limits of the City of Baton Rouge between five and six o'clock on a Sunday afternoon in the latter part of May, 1925. The Jefferson Highway is probably the main road running out of the City of Baton Rouge. It is thickly settled on both sides for a distance of two or three miles outside the city limits. The traffic is unusually heavy and at that particular time between five and six o'clock on Sunday afternoon, it is generally lined with automobiles going in both directions.

It may therefore be conceded as a fact, considering the time, the place and surrounding circumstances, that defendant's automobile was, just previous to the collision, being driven so imprudently, negligently and carelessly as to amount almost to recklessness on the part of the chauffeur.

The Jefferson Highway runs east and west. Annie Street runs north and south and at right angle to the Jefferson Highway. It furnishes a route to enter and to leave Delphine Place, a suburb north of the Jefferson Highway just outside the city limits of Baton Rouge. It opens on the Jefferson Highway, but does not cross it, so that a vehicle coming south upon it must in order to continue moving, be turned either east or west on reaching the Jefferson Highway.

Plaintiff was alone in an old Studebaker touring car, going as previously stated, south on Annie Street, and when he reached the Jefferson Highway, he was traveling very slow. So slow was he moving that the chauffeur of defendant's car and defendant himself believed he was about to stop before coming out into the Jefferson Highway. But defendant did not stop. Whether his failure to stop was due to loose brakes, it is impossible to say. Plaintiff's friend, George Duncan, who used plaintiff's automobile whenever he wanted, says the brakes were in first class condition. A traffic officer who later examined the brakes, thought they were in proper shape but he admits that his examination was very superficial.

E. Roger Jones, a witness for defendant, says the brake linings were worn out. Be that as it may, the failure of plaintiff to stop and come to a stand-still, before emerging from Annie Street, a side street with very little traffic upon it, into the Jefferson Highway, was an imprudence,

which under the prevailing conditions along that thoroughfare, amounted to gross negligence and carelessness. Either the plaintiff did not look, and therefore did not see defendant's automobile which was then about one hundred and fifty feet east of Annie Street, or his brakes did not perform the function for which they were intended. In either event plaintiff was guilty of negligence.

At the time he came out of Annie Street plaintiff intended to go east, he wanted to make a left hand turn, to reach Pizillio's store and filling station, which is situated about three hundred feet east of Annie Street on the Jefferson Highway. At one time he says he wanted to get water presumably to put in the radiator of his automobile; at another time he says he was going to get some fruit for his children. At any rate he came out slowly on the Jefferson Highway, and acted as though he did not see defendant's automobile until he was crossing the path of westbound traffic, and then realizing his perilous position, kept straight across with a view of giving defendant a chance to pass behind him.

Defendant's chauffeur taken by surprise by the action of plaintiff, veered to the left thinking he might get by on the left in time to miss the front of defendant's automobile, but it was too late. The two automobiles collided nearly at right angle on the south side of the Jefferson Highway, opposite the entrance to Annie Street; the right front of defendant's automobile struck the left front of that of plaintiff and both automobiles were precipitated by their momentum towards the curbing, that of defendant being stopped by concrete steps in front of the residence of John M. Wilson. Both automobiles were damaged, the plaintiff was painfully but not seriously hurt and one of the ladies in defendant's automobile was also injured.

Defendant's chauffeur thought that plaintiff had stopped, and when he saw that plaintiff was moving into the Jefferson Highway, it was too late for him to stop and he tried the only logical way to avoid the collision, by steering to the left. All this happened so quickly that there is no ground to apply the last clear chance doctrine advanced by plaintiff in argument.

There is no doubt in our opinion that both plaintiff and defendant were at fault. It matters not how reckless defendant's chauffeur may have been; this is not a criminal prosecution for violating the traffic laws of the State or of the Parish of East-Baton Rouge, and this Court is powerless to condemn defendant upon that ground, to pay indemnity to plaintiff unless the plaintiff himself were not at fault.

But the plaintiff himself is not free from fault. It is axiomatic that one who is also at fault may not recover damages for the negligence and carelessness of another. It was the bounden duty of plaintiff when he reached the Jefferson Highway, to stop, look and listen. Ordinary prudence dictates that one who is about to emerge from private premises, from an alleyway or from a little used street into a highway that is literally covered with fast-moving traffic, should be exceedingly cautious. The rule applies most forcibly where the driver of a vehicle wishes to make a left hand turn, for he must first cross that side of the highway upon which the traffic moves towards his right before he can reach the opposite side where the traffic is moving to his left, the direction in which he intends to travel. If plaintiff had actually made a right hand turn, towards the City of Baton Rouge, as Pizillio says the plaintiff did, there is every reason to believe that there would not have been any collision.

Our opinion is that both parties were at fault, and we see no occasion for the application of the last clear chance doctrine.

The District Judge refused to grant plaintiff's demand and we believe both the facts and the law applicable to the case, warrant his judgment.