No. 483

First Circuit

——

REED v. KRAAK

——

(June 28, 1929.  Opinion and Decree.)
(October 10, 1929.  Rehearing Refused.)
(December 2, 1929.  Writ of Certiorari and
Review Refused by Supreme Court.)

Harvey E. Ellis and R. D. Jones, of Covington, attorneys for plaintiff, appellee.

Wm. H. Talbot, of New Orleans, attorney for defendant, appellant.

LECHE, J.  The demand in the above suit, is for damages resulting from an automobile collision which occurred in the town of Mandeville about June 23, 1927. The plaintiff was driving his own Ford sedan on Claiborne Street, in an easterly direction, while defendant's Cadillac automobile, driven by his son, was moving in a northerly direction on Lafitte Street which intersects Claiborne Street at a right angle.  The collision took place at the intersection of these two streets in broad daylight, at about eleven o'clock a. m.

When plaintiff reached the intersection, he stopped and looked, and, there being no vehicles in sight, he proceeded to cross

Lafitte Street. When he had crossed the center of Lafitte Street and was nearing the further side, his automobile was suddenly run into, and struck about the rear fender by that of defendant's. He was injured about his person and his automobile was partly wrecked. It is admitted that defendant's automobile was moving at a speed of thirty-five miles per hour and defendant's son concedes that at the speed he was going, he could not turn aside or prevent the collision.

The district judge found that the defendant was at fault and awarded damages to plaintiff in the sum of $735.83, and it is from this judgment that defendant has appealed.

It appears from the evidence that Lafitte Street is one where traffic upon it has the right of way. We understand that this right of way simply means that cross traffic reaching the intersection about the same time, must yield precedence to the traffic on Lafitte Street and nothing more. It does not mean that traffic on cross streets must wait until vehicles several hundred feet away, go pass the intersection before it can enter upon Lafitte Street.

The speed limit on the streets of Mandeville is fixed at 15 miles per hour, or say approximately 22 feet per second, while defendant's automobile was moving at approximately 52 feet per second. It is then well conceivable that when plaintiff stopped before crossing Lafitte Street, defendant may have been out of sight and a block or more away, a distance which justified plaintiff in attempting to cross Lafitte Street without interfering with the movement of defendant's automobile.

We are therefore of the opinion that defendant was at fault and that he was heedless and reckless.

This finding is not irreconcilable with that which we reached in the case of Herbert vs. Robichaux, 8 La. App. 789, where the plaintiff failed to stop and to look before entering upon a highway alive with traffic and not under municipal speed-control.

The district judge awarded plaintiff the amount it cost him to put his car in running order, and the damage to the car top and frame, viz: $135.83, and $600 for his personal injuries, or a total of $735.83.

Defendant complains especially of the amount awarded to plaintiff for injuries to his eye, his neck and his knee. Dr. Payne testified as to the wounds and lacerations to plaintiff's head, his eye and his knee. He says that one of the worst wounds was over plaintiff's right eye and that his neck, the upper part of his back and his shoulders were badly bruised. Plaintiff suffered for three or four months. According to this testimony we find that an allowance of $600 is reasonable and see no reason to curtail it.

For these reasons the judgment of the district court is affirmed.